UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRION TROY GAINS,

        NO. CIV. S-03-59 LKK/EFB P

    Petitioner,

  v.

SCOTT KERNAN, Warden,          O R D E R

    Respondent.

                                    /

**I.   The Habeas Petition**

    Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On April 18, 2011, the Magistrate Judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner filed objections to the findings and recommendations on June 24 and June 27, 2011. Respondent has filed

1

no reply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court adopts the findings and recommendations, except for the conclusion that Cook v. LaMarque, 593 F.3d 810 (9th Cir. 2010) is the "law of the case." Accordingly, the court writes separately to more fully set forth its reasoning on the "juror misconduct" issue.[1]

**A.   Background**

The theory of petitioner's defense during the criminal trial was that the witnesses were mistaken in identifying him as a person who was present at the crime scene. In other words, petitioner's defense was: "I was not there." A co-defendant, Cook, testified that Gains and all the alleged conspirators stayed home watching movies the night of the shootings.

Three days into jury deliberation, Juror No. 12 revealed to the other jurors that she had overheard the petitioner talking to his lawyer during the testimony of Jose Gomez. The juror heard

---

[1] Cook v. La Marque, 593 F.3d 810 (9th Cir. 2010) is the Ninth Circuit appeal of co-defendant Cook's separate habeas petition. The Ninth Circuit has held that separate *appeals* by co-defendants convicted at the same trial are subject to law of the case. U.S. v. Schaff, 948 F.2d 501, 506 (9th Cir. 1999). However, even in successive habeas petitions by the same petitioner, the Ninth Circuit has not applied law of the case. See Alaimalo v. U.S., 645 F.3d 1042, 1049 (9th Cir. 2011) ("Although it is clear that the law of the case doctrine applies to subsequent proceedings on the same habeas petition, this circuit has not applied it to claims in successive habeas petitions").

petitioner tell his lawyer "He's lying.  Jose and I went this way, and Kenny ran this way."  The import of this overheard conversation was: "I was there, after all."  In other words, it completely undermined the whole theory of petitioner's defense.

**B.   Juror Misconduct**

"Juror misconduct typically occurs when a member of the jury has introduced into its deliberations matter which was not in evidence or in the instructions."  Thompson v. Borg, 74 F.3d 1571, 1574 (9th Cir.), cert. denied, 519 U.S. 889 (1996).  "Jury exposure to facts not in evidence deprives a defendant of the rights to confrontation, cross-examination and assistance of counsel embodied in the Sixth Amendment."  Lawson v. Borg, 60 F.3d 608, 612 (9th Cir. 1995).  However, habeas relief is available to the petitioner only if this constitutional error prejudiced him, that is, if it "had 'substantial and injurious effect or influence in determining the jury's verdict.'"  Id. at 612, quoting Brecht v. Abrahamson, 507 U.S. 619, 638 & n.9 (1993).

**C.   Dissipation of the Potential Prejudice**

The issue in this case is whether "'the potential prejudice of the extrinsic information was diminished'" sufficiently to avoid actual prejudice.  Cook v. La Marque, 593 F.3d at 827, quoting Sassounian v. Roe, 230 F.3d 1097, 1109 (9th Cir. 2000).[2]

---

[2] This court has already determined that the "juror misconduct" and presumed prejudice were sufficiently dissipated as to co-defendant Cook to warrant denial of that defendant's habeas corpus petition.  See Cook v. La Marque, 2008 WL 1701690, 2008 U.S. Dist. LEXIS 29320 (E.D. Cal. April 9, 2008), aff'd, 593 F.3d 810 (9th Cir. 2010).

3

Petitioner correctly points out that the district court must consider the *nature* of the extrinsic evidence. See Lawson v. Borg, 60 F.3d at 612. Here, the extrinsic evidence not only undermined petitioner's defense, it was also in the nature of a confession.

Nevertheless, under the applicable standard, this court can only grant habeas relief if it was unreasonable for the state court to conclude that the prejudice was sufficiently dissipated or diminished by the "overwhelming" evidence of Gains' guilt, because the overheard statement was "cumulative" of other evidence, and by all the steps the court took to dissipate any potential (or presumed) prejudice. See 28 U.S.C. § 2254(d) (Antiterrorism and Effective Death Penalty Act); Ngo v. Giurbino, ___ F.3d ___, ___, 2011 WL 2675808 at *2, 2011 U.S. LEXIS App. 14166 at *4 (9th Cir. July 11, 2011) (setting forth the standard for review of state court habeas judgments).

The evidence in the trial included three other confessions by Gains.[3] In one, Gains told a witness that he and Gomez committed the crime, in another, Gains told a witness that he was the driver when the crime was committed, and in yet another, Gains and Cook told a witness that they "had gone to Kato's house, kicked down the door and started shooting." Considering also all the steps the state court took to dissipate whatever potential prejudice might have arisen from the overheard comment, including dismissing Juror

---

[3] The pertinent evidence is set forth in the Findings and Recommendations, and in the unpublished portion of People v. Cook, et al., No. C-030492 at 64 (Cal. Ct. App., 3rd Dist. August 22, 2001) (Section V).

4

No. 12, the court concludes that it was not unreasonable for the state court to conclude that any potential prejudice was dissipated.

The petition is therefore **DENIED**.

## II.  Certificate of Appealability

### A.  Standard

Where, as here, this court enters an order adverse to petitioner, it "must issue or deny a certificate of appealability." Rule 11(a), Rules Governing § 2254 Cases.[4]  The certificate can issue only if the applicant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); Medellin v. Dretke, 544 U.S. 660, 666 (2005).

Where, as here, the district court denies the habeas petition on substantive constitutional grounds, "[a] petitioner satisfies this [Section 2253(c)(2)] standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (reversing the denial of a COA after the district court

---

[4] A certificate of appealability, either from this court or the Court of Appeals, is necessary before the petitioner can file an appeal.  28 U.S.C. § 2253(c)(1); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("until a COA has been issued federal courts of appeals lack jurisdiction to rule on the merits of appeals from habeas petitioners"); U.S. v. Washington, ___ F.3d ___, ___, 2011 WL 3437037 at *1, 2011 U.S. App. LEXIS 16337 at *3 (9th Cir. August 8, 2011) ("If the district court denies relief, the petitioner may not appeal that denial without first obtaining a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B)").

substantively rejected petitioner's constitutional habeas claim); Tennard v. Dretke, 542 U.S. 274, 282 (2004) (same); Allen v. Ornoski, 435 F.3d 946, 951 (9th Cir.) (at the threshold, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"), cert. denied, 546 U.S. 1136 (2006).[5]

**B.  Application**

There is a clear Sixth Amendment violation where the jury is exposed "to facts not in evidence." Lawson v. Borg, 60 F.3d at 612. Such exposure did occur in this case. The court denied the petition, however, because it appears that the exposure was dissipated sufficiently to avoid actual prejudice. Reasonable jurists could disagree, however, whether the dissipation was sufficient in this case. Accordingly, the court finds that reasonable jurists could disagree on the denial of the habeas petition in this case.

**III. CONCLUSION**

1.   The petition for habeas corpus is **DENIED.**

2.   Petitioner's request for a Certificate of

---

[5] The standard is different when the district court does not reach the constitutional grounds:
> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

6

Appealability is **GRANTED** as to his juror misconduct claim.  In all other respects, petitioner's request is **DENIED**.

IT IS SO ORDERED.

DATED: September 30, 2011.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT